Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★ ★  ★ ★ ★

## OPINION

No. 04-10-00661-CV

**WACKENHUT CORPORATION**,
Appellant

v.

Jesse James **GUTIERREZ**,
Appellee

From the 63rd Judicial District Court, Val Verde County, Texas
Trial Court No. 27662
The Honorable Enrique Fernandez, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  September 7, 2011

AFFIRMED

Appellant, Wackenhut Corporation ("Wackenhut"), appeals from the jury's verdict and award to appellee, Jesse James Gutierrez, in a suit involving a claim for personal injury. We affirm.

## BACKGROUND

On April 23, 2007, a charter bus owned and operated by Wackenhut collided with a car driven by Gutierrez at the United States Port of Entry near Del Rio, Texas. Two years later,

Gutierrez filed suit against Wackenhut and its employee, Jose Juan Betancourt, for damages resulting from injuries he sustained in the collision.[1] Shortly before trial, Gutierrez filed a motion requesting a default judgment against Wackenhut or, in the alternative, a spoliation instruction based on Wackenhut's alleged intentional destruction of a video recording of the accident taken from a camera mounted on the outside of Wackenhut's charter bus. Wackenhut filed a response in which it argued there was no evidence of either intentional or negligent spoliation and requested an order in limine excluding any reference at trial to any evidence, testimony, or argument regarding spoliation. Mid-way through trial, after Gutierrez rested his case, the trial court ruled from the bench that Wackenhut "improperly and negligently destroyed" the video recording of the accident and that the jury would "be instructed that [Wackenhut] negligently destroyed the video evidence in question, and [the jury] should presume that the evidence contained on said video would have been unfavorable to the defense." Wackenhut made no objection.

Following trial, the parties each submitted proposed jury charges. Gutierrez's proposed charge contained a spoliation instruction. Wackenhut did not submit written objections to Gutierrez's proposed charge. The trial court held a charge conference, during which Wackenhut did not orally object to the inclusion of a spoliation instruction in Gutierrez's proposed charge. The final jury charge contained the following instruction:

> Parties to a lawsuit are under a duty to preserve evidence that they know or should know is relevant to the dispute. In this case, The Wackenhut Corporation negligently failed to preserve the video on the bus, and it did so while there was an anticipation of litigation and while it had a duty to preserve evidence. You may, therefore, presume that the videotape was unfavorable to The Wackenhut Corporation.

---

[1] Jose Juan Betancourt is not a party on appeal.

**QUESTION NO. 1**

Did the negligence, if any, of those named below proximately cause the occurrence in question?

Answer "Yes" or "No" for each of the following:

a. The Wackenhut Corporation
b. Jesse James Gutierrez

Immediately after the trial court read the charge to the jury, trial counsel for Wackenhut requested a bench conference and told the trial judge: "We are objecting to the submission of the spoliation instruction . . . . Understanding your ruling, I just needed to formally make those objections." The Court responded: "Objections are noted." Wackenhut again complained of the spoliation instruction in its motion for new trial, which the trial court denied.

Following deliberations, the jury answered "Yes" to Question 1, part a (Wackenhut) and "No" to part b (Gutierrez). The jury found in Gutierrez's favor and awarded him damages in the amount of $1,201,050.08 plus interest.

**DISCUSSION**

In its sole issue on appeal, Wackenhut argues the trial court erred in giving the spoliation instruction. In response, Gutierrez argues Wackenhut waived any error by failing to make a timely and specific objection to the charge before the trial court read it to the jury.

Texas Rule of Civil Procedure 272 provides, in part:

The charge shall be in writing, signed by the court, and filed with the clerk, and shall be a part of the record of the cause. It shall be submitted to the respective parties or their attorneys for their inspection, and a reasonable time given them in which to examine and present objections thereto outside the presence of the jury, which objections shall in every instance be presented to the court in writing, or be dictated to the court reporter in the presence of the court and opposing counsel, before the charge is read to the jury. *All objections not so presented shall be considered as waived* . . . .

TEX. R. CIV. P. 272 (emphasis added).  In order to preserve error on appeal, a party must timely object to the jury charge, plainly make the trial court aware of the nature of the complaint, and obtain a ruling.  *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 43 (Tex. 2007).  Failure to object before the charge is read to the jury waives the complaint.  *Mo. Pac. R.R. Co. v. Cross*, 501 S.W.2d 868, 873 (Tex. 1973).  An affirmative statement of no objection to the charge also waives the complaint.  *See Tex. Dep't of Transp. v. Pate*, 170 S.W.3d 840, 850 (Tex. App.— Texarkana 2005, pet. denied) ("When a party affirmatively asserts during trial that he or she has 'no objection' to the admission of the complained-of evidence, any error in the admission of the evidence is waived . . . .").

Here, Wackenhut did not timely and specifically object to inclusion of the spoliation instruction in the charge.  Wackenhut did not object when the trial court ruled from the bench that Wackenhut spoliated evidence and that the jury would be instructed to consider the destroyed video recording as unfavorable to Wackenhut.  Wackenhut also did not submit written objections to Gutierrez's proposed charge, which contained the spoliation instruction, and Wackenhut did not orally object to the inclusion of the spoliation instruction during the charge conference.  In fact, when the trial court asked the parties at the conclusion of the conference if there were "any corrections, additions, [or] deletions to [the charge]," Wackenhut responded: "Not from the defendant, Your Honor. . . . [J]ust with the understanding we'll be later, you know, providing the medical expense issue that we talked about.  Other than that we're good to go."  When Wackenhut finally objected to inclusion of the spoliation instruction, it did so only after the trial court read the charge to the jury, and it did not provide the trial court with a specific ground for the objection.  Accordingly, we must conclude Wackenhut waived any complaint about the spoliation instruction.

## CONCLUSION

We overrule appellant's sole issue on appeal and affirm the trial court's judgment.


Sandee Bryan Marion, Justice