# IN THE SUPREME COURT OF TEXAS

════════════
No. 12-0136
════════════

WACKENHUT CORPORATION, PETITIONER,

v.

JESSE JAMES GUTIERREZ, RESPONDENT

════════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS
════════════════════════════════════════════════════════

**PER CURIAM**

This personal injury suit raises two issues pertaining to the trial court's submission of a spoliation jury instruction. First, we consider whether the party opposing the instruction preserved error by responding to a pretrial motion for sanctions but later failing to formally object to the instruction's inclusion in the jury charge until after it was read to the jury. Second, if error was preserved, we must determine whether the trial court committed reversible error by submitting the instruction. We answer both questions in the affirmative.

Wackenhut Corporation owned and operated a charter bus that collided with a car driven by Jesse Gutierrez. Wackenhut's bus was equipped with four video cameras that recorded while the bus was running but not when the bus's power was turned off. After 168 hours—or seven days—of recording, the videos automatically looped over and erased previously recorded data. One of the

cameras was positioned so that it may have captured the actual impact,[1] but Wackenhut did not preserve this recording, and it was eventually looped over.

Two days after the accident, Gutierrez personally delivered a letter to Wackenhut detailing his recollection of the collision. In the letter, Gutierrez stated that he believed Wackenhut's driver had caused the accident, and that Gutierrez had been taken to the hospital and would follow up with his doctor. Wackenhut completed a "General Liability Notice of Occurrence/Claim" and sent it along with Gutierrez's letter to the company's corporate headquarters.

Almost two years after the accident, Gutierrez sued Wackenhut and the bus driver for negligence, seeking damages for the injuries he sustained in the collision. Before trial, Gutierrez filed a Motion for Spoliation of Evidence, requesting that Wackenhut be sanctioned because it intentionally or negligently destroyed the video recording of the accident. In that motion, Gutierrez argued he was entitled to a presumption that the recording would have been unfavorable to Wackenhut. In its response, Wackenhut argued that there was no evidence of either intentional or negligent spoliation, that the requested sanctions—including the spoliation instruction—were unwarranted, and that all evidence of the alleged spoliation should be excluded.

During trial, after Gutierrez rested, the trial court ruled orally that Wackenhut had negligently spoliated evidence and ordered the inclusion of a spoliation instruction in the jury charge. Upon the completion of trial testimony, each party submitted a proposed jury charge and attended a formal charge conference. During the conference, Wackenhut did not object to the spoliation instruction

_____

[1] The camera at issue was located outside the passenger door, viewing the side of the bus that was involved in the accident.

2

in the court's charge.[2]  Immediately after the court read the charge to the jury, Wackenhut's counsel approached the bench and objected to the submission of the spoliation instruction.  The trial court acknowledged the objection, but did not comment further on the instruction.  The jury found in Gutierrez's favor, and the trial court rendered judgment on the verdict for $1,201,050.08 in damages and prejudgment interest.  Wackenhut appealed.

The court of appeals affirmed, overruling Wackenhut's sole issue—that the trial court erred in submitting the spoliation instruction.  358 S.W.3d 722, 724–25.  Relying on Texas Rule of Civil Procedure 272, the court held that, because Wackenhut did not object to the instruction until after the trial court read the charge to the jury and did not provide a specific ground for the objection, Wackenhut waived any complaint it had about the instruction.  *Id.*

Wackenhut argues that, by detailing its reasons for opposing spoliation sanctions generally and a spoliation instruction in particular in its response to Gutierrez's pretrial motion for sanctions, it timely made the trial court aware of its complaint.  Because the trial court ruled on the motion, Wackenhut contends that it was not required to later object to the jury charge.  Wackenhut further argues that the trial court abused its discretion by including the spoliation instruction in the charge and that this error was harmful.  Gutierrez counters that Wackenhut failed to preserve error, that the trial court acted within its discretion, and that any error was harmless.

---

[2] The instruction read: "Parties to a lawsuit are under a duty to preserve evidence that they know or should know is relevant to the dispute.  In this case, The Wackenhut Corporation negligently failed to preserve the video on the bus, and it did so while there was an anticipation of litigation and while it had a duty to preserve evidence.  You may, therefore, presume that the videotape was unfavorable to The Wackenhut Corporation."

We first address the issue of error preservation. The procedural rules governing jury charges state in pertinent part that objections to the charge "shall in every instance be presented to the court . . . before the charge is read to the jury" and that "[a]ll objections not so presented shall be considered as waived." TEX. R. CIV. P. 272. Further, the objecting party "must point out distinctly the objectionable matter and the grounds of the objection." TEX. R. CIV. P. 274. However, we have previously explained that "[t]here should be but one test for determining if a party has preserved error in the jury charge, and that is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling." *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex. 1992); *see also Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 43 (Tex. 2007). "The more specific requirements of the rules should be applied . . . to serve rather than defeat this principle." *Payne*, 838 S.W.2d at 241.

Here, the record confirms that the trial court was aware of, and rejected, Wackenhut's objection to the inclusion of a spoliation instruction before the charge was read to the jury. In its opposition to Gutierrez's pretrial motion for sanctions, Wackenhut argued that (1) it had no duty to retain the video prior to being served with citation in this suit, (2) there was no evidence that the tape would actually have recorded the accident, (3) there was no evidence that Wackenhut intentionally or negligently destroyed the recording because it was looped over in the regular course of business before Wackenhut had notice of any claim, and (4) any spoliation did not prejudice Gutierrez because of the availability of other evidence. In turn, Wackenhut specifically argued that a spoliation instruction would be improper. The trial court ruled that a spoliation instruction would be submitted to the jury.

4

Further, during the hearing on Wackenhut's motion for new trial, the following conversation took place:

> [COUNSEL FOR WACKENHUT]: [T]he court made a ruling that the instruction would go to the jury, and then the court took argument on that, and that's how we ended up with this particular instruction, but it was given over objection.
>
> THE COURT: [Y]ou are correct. The court heard argument, made its ruling on the instruction.
>
> \* \* \*
>
> [COUNSEL FOR WACKENHUT]: For the record, Your Honor, I think it is clear that Wackenhut did object to any spoliation instruction going to the jury at all, . . . and so there is no waiver here. There was an objection to any instruction going to the jury.
>
> THE COURT: I don't deny that, because I noted that on record that the objection was made to the charge . . . .

In light of Wackenhut's specific reasons in its pretrial briefing for opposing a spoliation instruction and the trial court's recognition that it submitted the instruction over Wackenhut's objection, there is no doubt that Wackenhut timely made the trial court aware of its complaint and obtained a ruling. Under the circumstances presented here, application of Rules 272 and 274 in the manner Gutierrez proposes would defeat their underlying principle. *See Payne*, 838 S.W.2d at 241. Therefore, we conclude that Wackenhut preserved error.[3]

---

[3] To the extent concerns exist that this holding will open the floodgates to preservation of trial error by way of pretrial motion in other contexts, such concerns are unfounded. A motion in limine, for example, does not preserve error on evidentiary rulings at trial because it does not seek a ruling on admissibility; rather, the purpose of such a motion "is to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury" without seeking the trial court's permission. *Hartford Accident & Indem. Co. v. McCardell*, 369 S.W.2d 331, 335 (Tex. 1963). And a denied pretrial no-evidence motion for summary judgment does not preserve a no-evidence objection to a question in the jury charge, as the latter is premised on the evidence (or lack thereof) presented at trial and thus cannot properly be asserted before trial. In the unique circumstances presented here, the course of the trial does not affect the propriety of a spoliation instruction. *Brookshire Bros., Ltd. v. Aldridge*, 438 S.W.3d 9, 20, 26 (holding that whether

Next, we turn to the propriety of the trial court's submission of the spoliation instruction to the jury in light of our recent decision in *Brookshire Brothers, Ltd. v. Aldridge*, 438 S.W.3d 9 (Tex. 2014). Applying the *Brookshire Brothers* framework, we hold that the trial court abused its discretion in submitting the instruction.

Whether a party spoliated evidence and whether a particular remedy is appropriate are questions of law for the trial court. *Id.* at 14, 20. We review a trial court's imposition of spoliation sanctions under an abuse-of-discretion standard. *Id.* at 27. In *Brookshire Brothers*, we articulated specific restrictions on a trial court's discretion to submit a spoliation instruction to the jury in the event it finds that a party spoliated evidence. *Id.* at 23–26. Specifically, a trial court may submit an instruction only if it finds that (1) the spoliating party acted with intent to conceal discoverable evidence, or (2) the spoliating party acted negligently and caused the nonspoliating party to be irreparably deprived of any meaningful ability to present a claim or defense. *Id.*

Here, the trial court found that Wackenhut negligently spoliated evidence in failing to preserve the recording.[4] Even assuming that finding is correct, which Wackenhut disputes, the trial court nevertheless abused its discretion by submitting the spoliation instruction. To justify the

---

spoliation occurred and the propriety of a particular spoliation remedy are issues of law for the trial court and that evidence of spoliation is generally inadmissible at trial). And the relief Wackenhut sought in its opposition to the pretrial motion for sanctions—findings that it did not negligently or intentionally spoliate evidence and that the submission of a spoliation instruction was improper—is exactly what the trial court rejected in its oral ruling. Notably, Wackenhut's formal objection to the instruction after the charge was read to the jury was not to the particular wording of the instruction; such a complaint had never before been brought to the trial court's attention and would have been untimely. Rather, mirroring its rejected pretrial position, Wackenhut objected to the submission of a spoliation instruction in any form.

[4] In so holding, the trial court also expressly found that the evidence did not show that Wackenhut "intentionally destroyed" the video.

instruction based on this negligence finding, the spoliation must have irreparably deprived Gutierrez of any meaningful ability to present his claims. This, we conclude, Wackenhut's failure to preserve the recording did not do.

The evidence presented at trial included: the testimony of both drivers; the testimony of an eyewitness Wackenhut employee; witness statements prepared by the drivers and the witness at the time of the accident; testimony of the responding police officer; the police report; Wackenhut's report to its corporate headquarters; photos of the vehicles and the accident scene; and extensive medical records. In light of the abundance of available evidence, we hold that Gutierrez was not irreparably deprived of any meaningful ability to present his claim. Therefore, the trial court abused its discretion by submitting the spoliation instruction to the jury.

Finally, the trial court's error is reversible only if it probably caused the rendition of an improper judgment. *Id.* at 29; TEX. R. APP. P. 61.1(a). We have previously noted that, "'if a spoliation instruction should not have been given, the likelihood of harm from the erroneous instruction is substantial, particularly when the case is closely contested.'" *Brookshire Bros.*, 438 S.W.3d at 29 (quoting *Wal-Mart Stores, Inc. v. Johnson*, 106 S.W.3d 718, 724 (Tex. 2003)). Liability was closely contested in this case. Gutierrez claimed that he drove slowly because it was raining, while the Wackenhut employees testified that Gutierrez was speeding. In addition, during his opening statement, Gutierrez's counsel stated that "[t]here is a video camera that would have captured . . . if Mr. Gutierrez was coming speeding as they claim. . . . It clarifies who was telling the truth." Further, and more significantly, during closing arguments, counsel placed significant emphasis on the spoliation instruction:

7

> Therefore, because of that, you may presume—you are free to look at this and say that videotape, had they shown it, it would have shown that what the driver of that bus is saying and what Mrs. Rivera, the co-driver, is saying is against them. It's not the way they said. It's the way Mr. Gutierrez said it happened.

In light of the contested liability, counsel's statements, and the highly speculative probative value of the recording,[5] the record reflects the significant effect the spoliation instruction likely had on the trial. Therefore, we hold that the trial court's error probably caused the rendition of an improper judgment.

Accordingly, we grant Wackenhut's petition for review and, without hearing oral argument, reverse the court of appeals' judgment and remand the case to the trial court for a new trial in accordance with this opinion. TEX. R. APP. P. 59.1.

**OPINION DELIVERED:** February 6, 2015

---

[5] The collision took place around 8:00 p.m. on a stormy evening with heavy rain.