

WANDA McKEE FOWLER
fowler@wrightclose.com
Retired Justice of the
14th Court of Appeals 1995 – 2008
Direct: (713) 490-4025

ACCEPTED
06-14-00040-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
3/25/2015 5:10:10 PM
DEBBIE AUTREY
CLERK

March 25, 2015

RECEIVED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

3/25/2015 5:10:10 PM

DEBBIE AUTREY
Clerk

Court of Appeals
Sixth Appellate District of Texas
Attn.:  Debra K. Autrey, Clerk
Bi-State Justice Building
100 North State Line Avenue #20
Texarkana, Texas 75501

> Re:  No. 06-14-00040-CV; *Tillerd Ardean Smith, Medallion Transport & Logistics, LLC, and Tomy Rushing d/b/a Rushing Transport Services, Inc. v. Brandi Williams*

Dear Ms. Autrey:

I am writing to advise the Court of a recent Texas Supreme Court opinion that is relevant to the above-referenced appeal. *See Wackenhut Corp. v. Gutierrez*, No. 12-0136, 2015 WL 496301, at *1 (Tex. Feb. 6, 2015) (per curiam) (attached hereto). Because this new authority issued after the parties completed their briefing and because this case is set for submission by oral argument on April 1, 2015, please forward this letter and its attachment to Chief Justice Morriss and Justices Moseley and Burgess at your earliest convenience.

For the third time in a little more than six months, the Texas Supreme Court has reversed a judgment because the jury charge included an improper spoliation instruction. *See Wackenhut*, 2015 WL 496301, at *5; *Petroleum Solutions, Inc. v. Head*, No. 11-0425, 2014 WL 7204399, at * 5–6 (Tex. Dec. 19, 2014); *Brookshire Brothers, Ltd. v. Aldridge*, 438 S.W.3d 9, 30 (Tex. 2014). The most recent case, *Wackenhut*, involved a collision between a charter bus and a car. 2015 WL 496301 at *1. The bus was equipped with four video cameras that automatically looped over and erased previously recorded data every seven days. *Id.* One of the cameras may have captured the moment of impact, but the bus company failed to prevent the recording system from automatically looping over the video. *Id.*

Almost two years after the accident, the driver of the car sued the bus company for negligence and sought damages for injuries sustained in the collision. *Id.* The driver filed a pretrial motion for spoliation of evidence, seeking sanctions against the bus company for the intentional or negligent destruction of the video

recording. *Id.* At the close of evidence, the trial court found the bus company had negligently destroyed evidence and submitted a spoliation instruction to the jury.[1] *Id.* The jury found in the driver's favor, and the bus company appealed.

In a per curiam opinion, the Texas Supreme Court held the spoliation instruction should not have been given because the bus company's failure to preserve the video recording, even if negligent, did not completely deprive the driver of the ability to present his claims. *Id.* at *4 (applying rule from *Brookshire Brothers*, 490 S.W.3d at 23–26, that spoliation instruction may be submitted only if (1) spoliating party acted with intent to conceal discoverable evidence or (2) spoliating party acted negligently and caused nonspoliating party to be irreparably deprived of any meaningful ability to present claim or defense). The evidence at trial included the testimony of both drivers and an eyewitness; statements prepared by the drivers and the witness at the time of the accident; testimony of the responding police officer; the police report; the bus company's report to its corporate headquarters; photos of the vehicles and the accident scene; and extensive medical records.[2] *Id.*

In deciding whether the trial court's error was reversible, the Court observed that "'the likelihood of harm from the erroneous [spoliation] instruction [was] substantial.'" *Id.* (quoting *Brookshire Brothers*, 438 S.W.3d at 29). The evidence as to the cause or contributing causes of the accident was disputed. The driver testified he was driving slowly because of rain, but the bus company employees testified the driver was speeding. *Id.* And the driver's counsel emphasized spoliation in his opening statement and closing argument, telling the jury:

> [B]ecause of that, you may presume—you are free to look at this and say that videotape, had they shown it, it would have shown you that what the driver of that bus is saying and what . . . the co-driver, is saying is against

---

[1]  The instruction, which was not as harsh as the one given in this case, read: "Parties to a lawsuit are under a duty to preserve evidence that they know or should know is relevant to the dispute. In this case, The Wackenhut Corporation negligently failed to preserve the video on the bus, and it did so while there was an anticipation of litigation and while it had a duty to preserve evidence. You *may*, therefore, presume that the videotape was unfavorable to The Wackenhut Corporation." *Id.* at *1 n.2 (emphasis added).

[2]  For the reasons why the alleged spoliation of driver logbooks and waybills in this case did not deprive Plaintiff of the ability to present her claims, please see the appellants' brief at pages 34 to 35.

> them. It's not the way they said. It's the way [the driver]
> said it happened.

The Court concluded the trial court's error probably caused the rendition of an improper judgment, set aside the $1.2 million judgment for the driver, and remanded the case for a new trial. *Id.* at *4–5.

The trial court's error in instructing the jury that Medallion "intentionally withheld documents or destroyed evidence material to this case" warrants the same result here. (CR 635) Just as in *Wackenhut*, liability for the collision was disputed. Plaintiff claimed that Smith's fatigue caused the accident, but Medallion and Smith claimed that Plaintiff was driving too fast on a dark section of a curving road and therefore was unable to take defensive measures or realize Smith's truck might be turning left. (3 CR 73–77; 4 CR 54) And Plaintiff's counsel employed the same tactics as in *Wackenhut*, repeatedly emphasizing spoliation in voir dire, in opening statement, throughout trial, and in closing argument. Counsel specifically pointed out the spoliation instruction to the jury in his closing argument, and at least four pages of the record of that argument are occupied with counsel's discussion of logbooks and waybills. (7 RR 152–55, 157–58) Despite the lack of evidence that Medallion intentionally destroyed or withheld material evidence, Plaintiff's counsel told the jury:

> And when I asked him: Sir, you knew you were going to
> come in this courtroom in Marshall, Texas; you knew the
> issue was a log book; yet did you think to look?
>
> Do you really think he didn't look? Do you really think
> that somebody didn't look at those documents and not
> just send them to us? You know why they didn't send
> them to us? Because they knew, if the[y] did, I was going
> to be able to prove that he was fatigued. They knew it.
>
> So they're like: Okay. If we send it, he's got us for sure.
> If we don't send it, guess what? We're just going to say
> we just made a mistake and destroyed it and the jury
> might have some question in their mind.

Ladies and Gentlemen, you know better than that.

(7 RR 155)

At one point, even though no exemplary damage questions were submitted, counsel went so far as to urge jurors to punish Medallion not for the accident but for its recordkeeping practices:

> And you remember when I had Mr. Winney on the stand, I said: This is bad stuff.
>
> All right, Mr. Goudarzi. You're right. He falsified the logs. That's bad stuff.
>
> Well, what are you going to do about it?
>
> I'm going to think about it when I get back to North Carolina.
>
> Well, you know what's going to make him think about it? Your verdict. And you know what? To be quite honest with you, it's got to be a big verdict, because if it's not, this gentleman and this gentleman (indicating), they're not going to worry about it.
>
> They're going to say: We pulled a hat trick off again.

(7 RR 157–58)

This record plainly establishes that the trial court's error in submitting a spoliation instruction probably caused the rendition of an improper judgment. Accordingly, for all the reasons stated herein and in appellants' prior briefing, the Court should follow the Texas Supreme Court's recent decisions on spoliation and remand this case for a new trial.

All counsel of record are being copied on this letter. Thank you for your attention to this matter.

Court of Appeals
Sixth Appellate District of Texas
Attn.: Debra K. Autrey, Clerk
March 25, 2015
Page 5

Respectfully Submitted,

*/s/ Wanda McKee Fowler*
Wanda McKee Fowler

**Attorney for Appellants**


*cc: Via Electronic Service*

David M. Gunn
Erin H. Huber
BECK REDDEN LLP
1221 McKinney, Suite 4500
Houston, TX 77010
dgunn@beckredden.com
ehuber@beckredden.com

John R. Mercy
MERCY CARTER TIDWELL LLP
1724 Galleria Oaks Drive
Texarkana, Texas 75503
jmercy@texarkanalawyers.com

Brent Goudarzi
Geoffrey G. Hoover
GOUDARZI & YOUNG
P.O. Box 910
Gilmer, Texas 75644
brent@goudarzi-young.com
ghoover@goudarzi-young.com

**Counsel for Appellant**

**2015 WL 496301**
Only the Westlaw citation is currently available.
Supreme Court of Texas.

Wackenhut Corporation, Petitioner,

v.

Jesse James Gutierrez, Respondent

No. 12–0136    |    OPINION
DELIVERED: February 6, 2015

**Synopsis**

**Background:** Motorist brought personal injury action arising from accident involving charter bus and motorist's automobile. Following a jury trial, the 63rd Judicial District Court, Val Verde County, Enrique Fernandez, J., entered judgment in favor of motorist. Bus company appealed. The San Antonio Court of Appeals, 358 S.W.3d 722, affirmed. Bus company filed petition for review.

**Holdings:** The Supreme Court held that:

[1] bus company preserved for appellate review its claim that trial court erred by submitting spoliation jury instruction;

[2] motorist was not irreparably deprived of any meaningful ability to present his claim by bus company's failure to preserve bus's video recordings, and thus spoliation jury instruction was unwarranted; and

[3] trial court's error of submitting spoliation jury instruction constituted reversible error.

Petition granted; judgment of Court of Appeals reversed and remanded.

ON PETITION FOR REVIEW FROM THE COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS

**Attorneys and Law Firms**

Jaime A. Saenz, Lecia Lynne Chaney, Colvin, Chaney, Saenz & Rodriguez, L.L.P., Brownsville, Michael W. Eady, Sara Berkeley Churchin, Thompson, Coe, Cousins & Irons, L.L.P., Austin, for Petitioner.

Jesus M. Dovalina, Law Offices of Jesus M. Dovalina, P.C., Del Rio, Kimberly S. Keller, Keller Stolarczyk PLLC, Boerne, for Respondent.

**Opinion**

PER CURIAM

**\*1** This personal injury suit raises two issues pertaining to the trial court's submission of a spoliation jury instruction. First, we consider whether the party opposing the instruction preserved error by responding to a pretrial motion for sanctions but later failing to formally object to the instruction's inclusion in the jury charge until after it was read to the jury. Second, if error was preserved, we must determine whether the trial court committed reversible error by submitting the instruction. We answer both questions in the affirmative.

Wackenhut Corporation owned and operated a charter bus that collided with a car driven by Jesse Gutierrez. Wackenhut's bus was equipped with four video cameras that recorded while the bus was running but not when the bus's power was turned off. After 168 hours—or seven days—of recording, the videos automatically looped over and erased previously recorded data. One of the cameras was positioned so that it may have captured the actual impact,[1] but Wackenhut did not preserve this recording, and it was eventually looped over.

Two days after the accident, Gutierrez personally delivered a letter to Wackenhut detailing his recollection of the collision. In the letter, Gutierrez stated that he believed Wackenhut's driver had caused the accident, and that Gutierrez had been taken to the hospital and would follow up with his doctor. Wackenhut completed a "General Liability Notice of Occurrence/Claim" and sent it along with Gutierrez's letter to the company's corporate headquarters.

Almost two years after the accident, Gutierrez sued Wackenhut and the bus driver for negligence, seeking damages for the injuries he sustained in the collision. Before trial, Gutierrez filed a Motion for Spoliation of Evidence, requesting that Wackenhut be sanctioned because it intentionally or negligently destroyed the video recording of the accident. In that motion, Gutierrez argued he was entitled to a presumption that the recording would have been unfavorable to Wackenhut. In its response, Wackenhut argued that there was no evidence of either intentional or

negligent spoliation, that the requested sanctions—including the spoliation instruction—were unwarranted, and that all evidence of the alleged spoliation should be excluded.

During trial, after Gutierrez rested, the trial court ruled orally that Wackenhut had negligently spoliated evidence and ordered the inclusion of a spoliation instruction in the jury charge. Upon the completion of trial testimony, each party submitted a proposed jury charge and attended a formal charge conference. During the conference, Wackenhut did not object to the spoliation instruction in the court's charge. [2] Immediately after the court read the charge to the jury, Wackenhut's counsel approached the bench and objected to the submission of the spoliation instruction. The trial court acknowledged the objection, but did not comment further on the instruction. The jury found in Gutierrez's favor, and the trial court rendered judgment on the verdict for $1,201,050.08 in damages and prejudgment interest. Wackenhut appealed.

**\*2** The court of appeals affirmed, overruling Wackenhut's sole issue—that the trial court erred in submitting the spoliation instruction. 358 S.W.3d 722, 724–25. Relying on Texas Rule of Civil Procedure 272, the court held that, because Wackenhut did not object to the instruction until after the trial court read the charge to the jury and did not provide a specific ground for the objection, Wackenhut waived any complaint it had about the instruction. *Id.*

Wackenhut argues that, by detailing its reasons for opposing spoliation sanctions generally and a spoliation instruction in particular in its response to Gutierrez's pretrial motion for sanctions, it timely made the trial court aware of its complaint. Because the trial court ruled on the motion, Wackenhut contends that it was not required to later object to the jury charge. Wackenhut further argues that the trial court abused its discretion by including the spoliation instruction in the charge and that this error was harmful. Gutierrez counters that Wackenhut failed to preserve error, that the trial court acted within its discretion, and that any error was harmless.

We first address the issue of error preservation. The procedural rules governing jury charges state in pertinent part that objections to the charge "shall in every instance be presented to the court ... before the charge is read to the jury" and that "[a]ll objections not so presented shall be considered as waived." TEX. R. CIV. P. 272. Further, the objecting party "must point out distinctly the objectionable matter and the grounds of the objection." TEX. R. CIV. P. 274. However, we have previously explained that "[t]here should be but one

test for determining if a party has preserved error in the jury charge, and that is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling." *State Dep't of Highways & Pub. Transp. v. Payne,* 838 S.W.2d 235, 241 (Tex.1992); *see also Ford Motor Co. v. Ledesma,* 242 S.W.3d 32, 43 (Tex.2007). "The more specific requirements of the rules should be applied ... to serve rather than defeat this principle." *Payne,* 838 S.W.2d at 241.

**[1]** Here, the record confirms that the trial court was aware of, and rejected, Wackenhut's objection to the inclusion of a spoliation instruction before the charge was read to the jury. In its opposition to Gutierrez's pretrial motion for sanctions, Wackenhut argued that (1) it had no duty to retain the video prior to being served with citation in this suit, (2) there was no evidence that the tape would actually have recorded the accident, (3) there was no evidence that Wackenhut intentionally or negligently destroyed the recording because it was looped over in the regular course of business before Wackenhut had notice of any claim, and (4) any spoliation did not prejudice Gutierrez because of the availability of other evidence. In turn, Wackenhut specifically argued that a spoliation instruction would be improper. The trial court ruled that a spoliation instruction would be submitted to the jury.

**[2]** **[3]** Further, during the hearing on Wackenhut's motion for new trial, the following conversation took place:

[COUNSEL FOR WACKENHUT]: [T]he court made a ruling that the instruction would go to the jury, and then the court took argument on that, and that's how we ended up with this particular instruction, but it was given over objection.

**\*3** THE COURT: [Y]ou are correct. The court heard argument, made its ruling on the instruction.

\* \* \*

[COUNSEL FOR WACKENHUT]: For the record, Your Honor, I think it is clear that Wackenhut did object to any spoliation instruction going to the jury at all, ... and so there is no waiver here. There was an objection to any instruction going to the jury.

THE COURT: I don't deny that, because I noted that on record that the objection was made to the charge....

In light of Wackenhut's specific reasons in its pretrial briefing for opposing a spoliation instruction and the trial court's recognition that it submitted the instruction over Wackenhut's

objection, there is no doubt that Wackenhut timely made the trial court aware of its complaint and obtained a ruling. Under the circumstances presented here, application of Rules 272 and 274 in the manner Gutierrez proposes would defeat their underlying principle. *See Payne,* 838 S.W.2d at 241. Therefore, we conclude that Wackenhut preserved error. [3]

**[4]** Next, we turn to the propriety of the trial court's submission of the spoliation instruction to the jury in light of our recent decision in *Brookshire Brothers, Ltd. v. Aldridge,* 438 S.W.3d 9 (Tex.2014). Applying the *Brookshire Brothers* framework, we hold that the trial court abused its discretion in submitting the instruction.

**\*4 [5] [6] [7]** Whether a party spoliated evidence and whether a particular remedy is appropriate are questions of law for the trial court. *Id.* at 14, 20. We review a trial court's imposition of spoliation sanctions under an abuse-of-discretion standard. *Id.* at 27. In *Brookshire Brothers,* we articulated specific restrictions on a trial court's discretion to submit a spoliation instruction to the jury in the event it finds that a party spoliated evidence. *Id.* at 23–26. Specifically, a trial court may submit an instruction only if it finds that (1) the spoliating party acted with intent to conceal discoverable evidence, or (2) the spoliating party acted negligently and caused the nonspoliating party to be irreparably deprived of any meaningful ability to present a claim or defense. *Id.*

Here, the trial court found that Wackenhut negligently spoliated evidence in failing to preserve the recording. [4] Even assuming that finding is correct, which Wackenhut disputes, the trial court nevertheless abused its discretion by submitting the spoliation instruction. To justify the instruction based on this negligence finding, the spoliation must have irreparably deprived Gutierrez of any meaningful ability to present his claims. This, we conclude, Wackenhut's failure to preserve the recording did not do.

The evidence presented at trial included: the testimony of both drivers; the testimony of an eyewitness Wackenhut employee; witness statements prepared by the drivers and the witness at the time of the accident; testimony of the responding police officer; the police report; Wackenhut's report to its corporate headquarters; photos of the vehicles and the accident scene; and extensive medical records. In light of the abundance of available evidence, we hold that Gutierrez was not irreparably deprived of any meaningful ability to present his claim. Therefore, the trial court abused its discretion by submitting the spoliation instruction to the jury.

**[8]** Finally, the trial court's error is reversible only if it probably caused the rendition of an improper judgment. *Id.* at 29; TEX. R. APP. P. 61.1(a). We have previously noted that, " 'if a spoliation instruction should not have been given, the likelihood of harm from the erroneous instruction is substantial, particularly when the case is closely contested.' " *Brookshire Bros.,* 438 S.W.3d at 29 (quoting *Wal–Mart Stores, Inc. v. Johnson,* 106 S.W.3d 718, 724 (Tex.2003)). Liability was closely contested in this case. Gutierrez claimed that he drove slowly because it was raining, while the Wackenhut employees testified that Gutierrez was speeding. In addition, during his opening statement, Gutierrez's counsel stated that "[t]here is a video camera that would have captured ... if Mr. Gutierrez was coming speeding as they claim.... It clarifies who was telling the truth." Further, and more significantly, during closing arguments, counsel placed significant emphasis on the spoliation instruction:

> Therefore, because of that, you may presume—you are free to look at this and say that videotape, had they shown it, it would have shown that what the driver of that bus is saying and what Mrs. Rivera, the co-driver, is saying is against them. It's not the way they said. It's the way Mr. Gutierrez said it happened.

In light of the contested liability, counsel's statements, and the highly speculative probative value of the recording, [5] the record reflects the significant effect the spoliation instruction likely had on the trial. Therefore, we hold that the trial court's error probably caused the rendition of an improper judgment.

**\*5** Accordingly, we grant Wackenhut's petition for review and, without hearing oral argument, reverse the court of appeals' judgment and remand the case to the trial court for a new trial in accordance with this opinion. TEX. R. APP. P. 59.1.

Footnotes

1    The camera at issue was located outside the passenger door, viewing the side of the bus that was involved in the accident.

2    The instruction read: "Parties to a lawsuit are under a duty to preserve evidence that they know or should know is relevant to the dispute. In this case, The Wackenhut Corporation negligently failed to preserve the video on the bus, and it did so while there was an anticipation of litigation and while it had a duty to preserve evidence. You may, therefore, presume that the videotape was unfavorable to The Wackenhut Corporation."

3    To the extent concerns exist that this holding will open the floodgates to preservation of trial error by way of pretrial motion in other contexts, such concerns are unfounded. A motion in limine, for example, does not preserve error on evidentiary rulings at trial because it does not seek a ruling on admissibility; rather, the purpose of such a motion "is to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury" without seeking the trial court's permission. *Hartford Accident & Indem. Co. v. McCardell,* 369 S.W.2d 331, 335 (Tex.1963). And a denied pretrial no-evidence motion for summary judgment does not preserve a no-evidence objection to a question in the jury charge, as the latter is premised on the evidence (or lack thereof) presented at trial and thus cannot properly be asserted before trial. In the unique circumstances presented here, the course of the trial does not affect the propriety of a spoliation instruction. *Brookshire Bros., Ltd. v. Aldridge,* 438 S.W.3d 9, 20, 26 (Tex.2014) (holding that whether spoliation occurred and the propriety of a particular spoliation remedy are issues of law for the trial court and that evidence of spoliation is generally inadmissible at trial). And the relief Wackenhut sought in its opposition to the pretrial motion for sanctions—findings that it did not negligently or intentionally spoliate evidence and that the submission of a spoliation instruction was improper—is exactly what the trial court rejected in its oral ruling. Notably, Wackenhut's formal objection to the instruction after the charge was read to the jury was not to the particular wording of the instruction; such a complaint had never before been brought to the trial court's attention and would have been untimely. Rather, mirroring its rejected pretrial position, Wackenhut objected to the submission of a spoliation instruction in any form.

4    In so holding, the trial court also expressly found that the evidence did not show that Wackenhut "intentionally destroyed" the video.

5    The collision took place around 8:00 p.m. on a stormy evening with heavy rain.

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.