under the DTPA, and enforceability of the "as is" clause. Land Rover first argues Diais waived his issues by failing to object to the trial court and obtain a written ruling. Alternatively, Land Rover argues no evidence supported the submission of any of Diais's proposed questions.

We first address the issue of preservation. The procedural rules for governing jury charges state in pertinent part that objections to the charge "shall in every instance be presented to the court . . . before the charge is read to the jury" and that "[a]ll objections not so presented shall be considered waived." TEX. R. CIV. P. 272. Further, the objecting party must point out distinctly the objectionable matter and the grounds of the objection. *Id.* However, "[t]here should be but one test for determining if a party has preserved error in the jury charge, and that is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling." *Wackenhut Corp. v. Gutierrez*, 453 S.W.3d 917, 919–20 (Tex. 2015).

Diais submitted proposed jury questions and instructions for fraudulent inducement, negligent misrepresentation, unconscionable act under the DTPA, and enforceability of the "as is clause." During the charge conference, the trial court ruled that "[t]o the extent that both the Plaintiff and the Defendant have offered proposed forms of the charge, to the extent that the charge does not include language which was proposed by either . . . , the request to include said language including instructions and/or questions is denied . . ." When Diais's counsel stated, "We have specific objections as far as specific numbers that were not included but - - ." The court cut him off and stated, "I think I just covered that counsel. Anything other than what I've just covered?" to which counsel tried to argue again for the inclusion of a counter-instruction. The court then stated, "Counsel, it includes everything that you proposed that is not in there and everything that is in there that you did not propose. I'm not sure how I can make it more comprehensive." The record is clear the trial court was aware of and rejected his proposed questions. Thus, Land Rover's waiver argument is without merit.

–5