

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00374-CV

---

LEDGER INVESTMENTS, LLC, APPELLANT

V.

WESTPORT CAPITAL PARTNERS, LLC, LAWRENCE DEWITT,
AND JEFFREY DEWITT, APPELLEES

---

On Appeal from the 48th District Court
Tarrant County, Texas[1]
Trial Court No. 048-329306-21, Honorable Christopher Taylor, Presiding

---

June 11, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

The appeal before us involves a real estate contract dispute between Appellant, Ledger Investments, LLC, and Appellee, Westport Capital Partners, LLC. A jury found in favor of Westport and Ledger now challenges the verdict, asking this Court to determine whether Westport waived the right to recover under the contract when it did not submit a

---

[1] Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. See TEX. GOV'T CODE § 73.001. We apply the Second Court's precedent to the extent it conflicts with our own. See TEX. R. APP. P. 41.3.

question to the jury concerning Ledger's breach and if so, whether the trial court erred in entering judgment in Westport's favor. We affirm.

## BACKGROUND

Ledger sought to purchase a commercial building for office space for his law firm in downtown Fort Worth, Texas. He found a building for sale on Houston Street owned by Westport. Westport used Dominus FW[2] to market and sell the property. Ledger contacted Dominus in March 2021 and toured the property with an agent. During that visit, there were issues with the elevator even though it had been listed in an advertising flyer as "new." The problems during the tour were attributed to a fire alarm but Ledger remained concerned. Negotiations on the sale of the property continued and Ledger indicated he was still uneasy about the elevator.[3] Dominus said repairs had been made but did not say the elevator was not "new."

Eventually, negotiations stalled, and Westport listed the property with an auction house. The auction house listed the elevator as new. Ledger won the bid to purchase the property in July 2021. About 20 days into the 30-day closing period, one of the attorneys with Ledger's firm visited the property. There were issues with the elevator on that visit and it became stuck between floors. In August 2021, Ledger attempted to contact Westport. When that was unsuccessful, he contacted Dominus. Several emails concerning the elevator were exchanged. Ledger spoke with a technician who had

---

[2] The Dominus Defendants were dismissed from the case on summary judgment and a severance order was issued in February 2024.

[3] The record shows that at some point, Ledger was informed the elevator was added to the building in 2017, making it four years old at the time he toured the building.

performed the repairs, and he discovered the elevator was not new and there were more serious problems with it than what had been represented. Based on that information, he attempted to negotiate a reduction in price for the purchase of the building. When that failed, Ledger pulled out of the closing.

Westport refused to return the escrow money, so Ledger filed suit against Westport for statutory fraud, common law fraud, actual fraud, fraudulent inducement, fraudulent non-disclosure, breach of contract, and conversion.[4] Ledger also specifically alleged that the conditions precedent had not been met, that there was a failure of consideration, and that there was an ambiguity in the purchase and sale agreement, indicating a lack of meeting of the minds. Westport filed its own breach of contract counterclaim. In response, Ledger asserted a general denial as well as affirmative defenses of fraud, breach of contract, estoppel, and unclean hands. At trial before a jury, the court submitted questions regarding whether Westport had breached the contract and whether Westport committed common law or statutory fraud. The jury answered "no" to each of those questions.

Following the verdict, the trial court entered a take-nothing judgment against Ledger and entered judgment in Westport's favor, concluding Ledger breached the contract by not closing because that breach was not excused by Westport's breach of the

---

[4] Ledger amended his petition numerous times. There is some dispute about whether the fifth or sixth amended petition (the trial court denied leave to file the seventh) was the active pleading at the time of the proceedings below. We do not find it necessary to our disposition to determine which was the active pleading.

3

contract or by fraud. It also found Westport was entitled to recover the earnest money deposit of $144,200.00 and attorney's fees in an amount to be determined at a later date.

## ANALYSIS

By a single issue, Ledger argues Westport waived the right to recover under the contract when it failed to submit a question to the jury regarding Ledger's breach of the contract and, accordingly, the trial court erred when it entered judgment in Westport's favor because it concluded Ledger had breached the contract without the underlying jury finding to support Ledger's breach. Westport responds, arguing Ledger failed to preserve error concerning his issue because he did not object to the jury charge or raise a specific complaint on this point during the charge conference. Alternatively, Westport contends the breach of contract was properly a question of law to be determined by the trial court because the only excuse offered to the jury was fraud. The jury specifically rejected all of Ledger's fraud claims and it was undisputed that Ledger did not close on the transaction. We overrule Ledger's issue.

Preservation

Westport argues Ledger failed to preserve the appellate issue for our review. For the reasons stated below, we agree.

Rule 272 of the Texas Rules of Civil Procedure governs the procedure for objecting to a jury charge in Texas civil cases. *See* TEX. R. CIV. P. 272. It requires that the charge be submitted to the parties or their attorneys for inspection, and they must be given a reasonable time to examine and present objections outside the presence of the jury. *Id.* Objections must be presented either in writing or dictated to the court reporter in the

4

presence of the court and opposing counsel before the charge is read to the jury. *Id.*

Failure to comply with these requirements results in a waiver of the objections. *Id. See*

*also Hawthorne v. Guenther*, 917 S.W.2d 924, 935 (Tex. App.—Houston [1st Dist.] 1996,

writ denied) (noting waiver upon failure to object to jury charge).

Rule 274 of the Texas Rules of Civil Procedure provides:

> A party objecting to a charge must point out distinctly the objectionable matter and the grounds of the objection. Any complaint as to a question, definition, or instruction, on account of any defect, omission, or fault in pleading, is waived unless specifically included in the objections. When the complaining party's objection, or requested question, definition, or instruction is, in the opinion of the appellate court, obscured or concealed by voluminous unfounded objections, minute differentiations or numerous unnecessary requests, such objection or request shall be untenable. No objection to one part of the charge may be adopted and applied to any other part of the charge by reference only.

TEX. R. CIV. P. 274. Our Supreme Court has stated there "should be but one test for

determining if a party has preserved error in the jury charge, and that is whether the party

made the trial court aware of the complaint, timely and plainly, and obtained a ruling."

*Wackenhut Corp. v. Gutierrez*, 453 S.W.3d 917, 919 (Tex. 2015).

At the charge conference, the following exchange took place:

> MR. EATON: Your -- Your Honor, we have no objection to the charge overall but request for correction on Question No. 2 to change the date from August 21st, 2021, to August 20th, 2021, which date is, in fact, 30 days after the execution date as opposed to 31 days.

> THE COURT: Is that -- is that agreeable?

> MR. FARLOW: That's an acceptable change, Your Honor.

> THE COURT: Okay. The Court will make --will make that change. No further objections besides --

> MR. EATON: No further objections, Your Honor.

5

Therefore, the record indicates Ledger did not raise any substantive objections to the court's charge to the jury. Further, this exchange occurred when counsel for Westport raised an objection:

> MR. FARLOW: Well -- well, the second objection, Your Honor, is what we have talked about. The current charge -- the Defendants have asserted a counterclaim based on the fact that Mr. Ledger, although required to close under the agreement, did not – there are currently no questions in the -- sorry, proposed charge. Defendants understand that that is because, one, there is no factual dispute, no question of fact for the jury to decide as to whether this transaction closed. So there was no closure and that the person who didn't close was Mr. Ledger, because, again, there was testimony Westport was ready, willing, and able to close, and that the -- should the jury not find fraud or a prior breach by Westport, then the -- it is a question of law, not -- not fact for the -- for the jury that that failure to close constitutes a breach of the agreement.
>
> THE COURT: Do you have any response, sir?
>
> MR. EATON: No, Your Honor.

The court later said, "Absolutely" when counsel clarified that this counterclaim would not be waived but would be decided by the trial court once the jury ruled. Ledger did not raise an objection on this point at that time either.

Given the lack of objections during the charge conference, we find Ledger waived his complaints. *See C.M. Asfahl Agency v. Tensor, Inc.*, 135 S.W.3d 768, 785 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("[a] party fails to preserve error in the jury charge when that party waives, or invites, the alleged error by acquiescing to submitting a theory that the party later claims is erroneous").

Breach of Contract is a Question of Law

Even if Ledger preserved his issue for our review, we cannot agree the trial court erred in its judgment.

6

A successful breach of contract claim requires proof of the following elements: (1) a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of that breach. *Orix Capital Mkts. v. Wash. Mut. Bank*, 260 S.W.3d 620, 623 (Tex. App.—Dallas 2008 no pet.). A breach of contract occurs when a party fails or refuses to perform an act that it expressly promised to do. *Id.; Ladner v. Prop. Owners Ass'n of Mt. Lakes Ranch, Inc.*, No. 07-21-00210-CV, 2023 Tex. App. LEXIS 549, at *7 (Tex. App.—Amarillo Jan. 26, 2023, no pet.) (mem. op.). "It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance." *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004); *Kongvongsay v. Sayasane*, No. 07-21-00195-CV, 2022 Tex. App. LEXIS 4251, at *12 (Tex. App.—Amarillo June 22, 2022, no pet.) (mem. op.).

Whether a party has breached a contract is a question of law for the judge, not a question of fact for the jury. *Orix Capital*, 260 S.W.3d at 623. The judge "determines what conduct is required of the parties and, insofar as a dispute exists concerning the failure of a party to perform the contract, the judge submits the disputed fact questions to the jury." *Id.* Where the evidence is undisputed regarding a party's conduct under a contract, "the judge alone must determine whether it shows performance or breach of its contract obligation." *Id. See also Lafarge Corp. v. Wolff, Inc.*, 977 S.W.2d 181, 186 (Tex. App.—Austin 1998, pet. denied) (stating same).

By signing the purchase and sale agreement, Ledger agreed to purchase the property "as is, where is, with all faults and limitations" and close within 30 calendar days.

7

He did not do so, claiming Westport defrauded him about the condition of the elevator. The conduct constituting the breach was Ledger's failure to close on the deal and there was no dispute concerning that conduct. Therefore, whether Ledger breached the contract became a question of law for the trial court, not the jury, to decide. *See Hicks v. Pilgrim Poultry, G.P.*, 299 S.W.3d 249, 258 (Tex. App.—Texarkana 2009, no pet.) (only dispute was whether conduct constituted a breach of the agreement and this was "a classic illustration of the total lack of dispute as to the facts that are claimed to constitute a breach" and therefore "it is error to submit the issue of breach to the jury"); *Willis v. Donnelly*, 118 S.W.3d 10, 25-26 (Tex. App.—Houston [14th Dist.] 2003), *rev'd on other grounds*, 199 S.W.3d 262, 277 n.31 (Tex. 2006) (whether a party has breached a contract is a question of law for the court and when facts are undisputed, there is no need to submit those issues to the jury); *Meek v. Bishop Peterson & Sharp, P.C.*, 919 S.W.2d 805, 808 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (existence of contract and party's failure to pay were undisputed; therefore there was no issue concerning the existence of a contract or a breach that needed to be submitted and failure to do so did not waive the claim for breach of contract). The trial court did not err in issuing its judgment.

## CONCLUSION

Having resolved Ledger's issue against him, we affirm the judgment of the trial court.

Alex Yarbrough
Justice

8