

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00058-CV

———————————————————

MILLICENT EDWARDS, Appellant

V.

LYNN SMITH CHEVROLET, Appellee

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-281484-15

Before Sudderth, C.J.; Womack and Wallach, JJ.
Opinion by Chief Justice Sudderth

## OPINION

In two issues, Appellant Millicent Edwards appeals the trial court's take-nothing judgment against her. Because the evidence is legally insufficient to support a finding of direct negligence against Appellee Lynn Smith Chevrolet, we affirm.

## Background

In January 2014 Edwards's car was hit by another car near the service bay at Lynn Smith's dealership. Edwards had taken her SUV to Lynn Smith for an oil change, but as she left, she noticed that the oil light was still on in her car, so she flagged down an employee. While they were talking, another car backed out of the service bay and hit her car, injuring Edwards, who was sitting in her car at the time, and damaging the paneling between Edwards's right front tire and her passenger door.

In October 2015, Edwards sued Lynn Smith under a theory of vicarious liability for the negligence of the person who backed the car into hers and who Edwards alleges was a Lynn Smith employee. Edwards sought damages, including medical expenses and past and future physical pain and mental anguish, for injuries to her neck, back, and shoulders as a result of the collision.

At trial, Edwards testified that at the time of the collision, she had not seen a Lynn Smith employee driving the other car, nor did she know why the driver was backing out of the service bay, but that she did not believe that the driver intentionally caused the collision. According to Edwards, the car was driven back into the service bay after striking her vehicle and a manager at Lynn Smith promised that the

dealership would take care of the damage. But, according to Edwards, she was "kindly blown off" by Lynn Smith whenever she attempted to follow up on the promised repairs and eventually Lynn Smith told her they would not repair the damage because it had been "too long."

In addition to offering her own testimony, Edwards called one other witness, Charles Clark, a service manager at Lynn Smith. Clark testified that the location where the January 2014 accident took place was no longer open and that he did not know which employees Edwards had spoken to on the day of the accident or who backed the car into Edwards's vehicle.

When Edwards rested her case, Lynn Smith rested, closed, and moved for a directed verdict on the only theory raised in Edwards's pleadings—vicarious liability. In support of its motion, Lynn Smith argued that Edwards had failed to establish its vicarious liability because Edwards had presented no evidence that the collision was caused by one of its employees. The trial court denied the motion and immediately proceeded to a "charge conference."[1]

---

[1]The "charge conference" consisted of 17 words and comprised one question, two responses, and a reply:

THE COURT: Is the jury charge, as currently formulated, any issues with it?

[EDWARDS'S COUNSEL]: I don't think so.

[LYNN SMITH'S COUNSEL]: No.

The only liability question submitted to the jury in the charge was a direct-liability question, "Did the negligence, if any, of [Lynn Smith] proximately cause the occurrence or injury in question?" The jury answered that question "yes" and awarded Edwards $22,736.00 in past medical expenses and $2,500.00 for past physical pain.

The parties filed competing postverdict motions. Edwards filed a motion seeking entry of judgment in conformity with the jury's verdict, and Lynn Smith filed a motion for judgment notwithstanding the verdict (JNOV). Edwards also filed a motion for leave to amend her pleadings to add direct negligence claims against Lynn

---

THE COURT: Okay.

To put this in context, in its "Order—Regarding Jury Charge," the trial court had required the parties to submit an agreed charge before trial began. Because here we are not asked to decide whether requiring parties to agree or object to a proposed charge prior to the closing of the evidence in a case is reasonable, we do not address that issue. But our decision in this case should not be interpreted as an approval of such a practice. *See* Tex. R. Civ. P. 272 (requiring the trial court to give the parties "a reasonable time . . . in which to examine and present objections" to the proposed jury charge). As the Texas Supreme Court has explained, the trial court's interest in efficiency "should be balanced with a trial judge's ultimate duty to provide the jury with a legally correct charge." *King Fisher Marine Serv., L.P., v. Tamez*, 443 S.W.3d 838, 846 (Tex. 2014). And, as further noted in *King Fisher*, "[T]he preparation of the charge comes 'at that very difficult point of the trial *between the close of evidence and summation.*'" *Id.* at 846–47 (quoting *State Dep't of Highways and Pub. Transp. v. Payne*, 838 S.W.2d 235, 240 (Tex. 1992)) (emphasis added); *cf. Wackenhut Corp. v. Gutierrez*, 453 S.W.3d 917, 920 n.3 (Tex. 2015) (noting that a no-evidence objection to a question in the jury charge "cannot properly be asserted before trial" because it is "premised on the evidence (or lack thereof) presented at trial").

4

Smith based on its general negligence, including negligent supervision. The trial court granted Lynn Smith's motion for JNOV and rendered a take-nothing judgment.

**Discussion**

Edwards brings two issues on appeal: (1) the trial court abused its discretion by denying her motion for leave to amend her pleadings to add a direct-negligence claim and (2) the trial court erred by granting Lynn Smith's motion for JNOV. Edwards concedes that the pleaded theory of vicarious liability was not tried before the jury, and she instead focuses her first issue on her argument that Lynn Smith's direct negligence was tried by consent. But even if we were to agree with Edwards that direct negligence was tried by consent or that the trial court erred by denying her motion for leave to amend her pleadings,[2] our ruling would not benefit Edwards because the evidence is still legally insufficient to support a direct-negligence verdict against Lynn Smith. *See* Tex. R. App. P. 44.1(a)(1). Thus, the trial court did not reversibly err by denying Edwards's motion to amend her pleadings nor by granting Lynn Smith's request for JNOV.

Upon a party's motion and reasonable notice, a trial court may disregard a jury verdict and render a JNOV if no evidence supports the jury finding on an issue necessary to liability or if a directed verdict would have been proper. *See* Tex. R. Civ. P. 301; *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003); *Fort Bend Cty. Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 394 (Tex. 1991). A directed verdict is proper only under

---

[2]We do not so hold.

5

limited circumstances: (1) when the evidence conclusively establishes the movant's right to judgment or negates the opponent's right or (2) when the evidence is insufficient to raise a material fact issue. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000); *Playoff Corp. v. Blackwell*, 300 S.W.3d 451, 454 (Tex. App.—Fort Worth 2009, pet. denied) (op. on reh'g).

To determine whether the trial court erred by rendering a JNOV, we test legal sufficiency by viewing the evidence in the light most favorable to the verdict. *See Ingram v. Deere*, 288 S.W.3d 886, 893 (Tex. 2009); *Wal-Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 709 (Tex. 2003). This means we must credit evidence favoring the jury verdict if reasonable jurors could and must disregard contrary evidence unless reasonable jurors could not. *See Tanner v. Nationwide Mut. Fire Ins.*, 289 S.W.3d 828, 830 (Tex. 2009); *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007). We will uphold the trial court's JNOV if no evidence supports the jury's finding on a vital fact or if the evidence conclusively establishes the opposite of a vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). "[E]very reasonable inference deducible from the evidence is to be indulged in" support of the jury's finding. *Bustamante v. Ponte*, 529 S.W.3d 447, 456 (Tex. 2017) (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

In its JNOV motion, Lynn Smith argued that (1) Edwards's vicarious-liability claim failed because there was no jury finding that one of its employees was negligent, (2) the submission of its direct negligence was improper as a matter of law because

6

Edwards did not plead that theory of liability, (3) Edwards's pleadings did not support the jury's verdict, (4) the evidence was legally insufficient to support the jury's finding of negligence against Lynn Smith even if Edwards had pleaded its direct negligence; and (5) Edwards waived her vicarious-liability claim because she failed to seek and obtain a jury finding on whether one of its employees was acting in the course and scope of employment. The trial court did not expressly state which ground it relied upon in granting the motion.

Establishing general negligence requires proof of a duty, a breach of that duty, and damages proximately caused by the breach. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). As for negligent supervision, Edwards had to show that Lynn Smith, as an employer, failed to use ordinary care to adequately supervise its employees. *Mackey v. U.P. Enters., Inc.*, 935 S.W.2d 446, 459 (Tex. App.—Tyler 1996, no writ); *see also Dangerfield v. Ormsby*, 264 S.W.3d 904, 912 (Tex. App.—Fort Worth 2008, no pet.) ("[A]n employer is liable for negligent . . . supervision if it hires an incompetent or unfit employee whom it knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others.").

In this case, there is no evidence that a Lynn Smith employee—let alone a poorly supervised one—was driving the car that struck Edwards's, and, relatedly, there is no evidence that any Lynn-Smith-related party was driving the car that hit Edwards. Edwards admitted in her testimony that she did not see a Lynn Smith

7

employee driving the vehicle, that she did not believe a Lynn Smith employee intentionally struck her car, and that she did not know anything about what any Lynn Smith employee may have been doing at the time of the accident. While she did testify that "they drove the car back into the bay" after the accident, there was no clarification of who "they" was or if it was a Lynn Smith employee. And Clark testified that he did not know if an employee was driving the car.

To fill these obvious evidentiary gaps, Edwards argues in her brief that Lynn Smith's "intransigence" during the discovery process entitled her to rely on the doctrine of res ipsa loquitor. But this argument places the cart before the horse. Applying res ipsa loquitor here would require us to presume the very fact that Edwards must prove to invoke res ipsa loquitor, i.e., that the car was under the management and control of Lynn Smith at the time it hit her. As the Supreme Court has explained,

> The term "res ipsa loquitur" means "the thing speaks for itself." As the translation implies, res ipsa is used in certain limited types of cases when the circumstances surrounding the accident constitute sufficient circumstantial evidence of the defendant's negligence to support such a finding. The doctrine is applicable *only when two factors* are present: (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury is *shown to have been under the management and control of the defendant.* Unless both factors are present, the jury cannot reasonably infer from the circumstances of the accident that the defendant was negligent.

*Marathon Oil Co. v. Sterner*, 632 S.W.2d 571, 573 (Tex. 1982) (citations omitted) (emphasis added). Because Edwards has failed to offer any evidence that the car that

hit hers was in any way managed or controlled by Lynn Smith, or any of its employees, she cannot rely upon the doctrine of res ipsa loquitur to prove Lynn Smith's negligence. *Id.*

And Edwards's arguments that Lynn Smith's recalcitrance during the discovery process and refusal to supply her with the name of the employee who was allegedly driving the offending vehicle somehow abrogates her burden of proof are of no avail. Even if Lynn Smith had wrongfully withheld discovery, Edwards still bore the burden of properly pleading and proving a viable cause of action against Lynn Smith.

Except with regard to death-penalty sanctions, discovery abuse is not punished by relieving a party of its obligation of proving its case.[3] Furthermore, fashioning the proper remedy for discovery abuse is within the sound discretion of the trial court—not the appellate courts—and only after a proper motion has been filed. *Horizon Health Corp. v. Acadia Healthcare Co.*, 520 S.W.3d 848, 884 (Tex. 2017) ("Rule 215 generally leaves sanctions to the sound discretion of the trial court."). The record does not indicate that Edwards filed any motion seeking to compel such information from Lynn Smith or sought sanctions for failing to comply with discovery requests. *See* Tex. R. Civ. P. 215.2 (permitting trial court to order as sanctions designated facts to be established for purposes of the action). We reject this argument.

---

[3]Edwards cites no authority for the proposition that res ipsa loquitor may be imposed as a discovery sanction, and we decline to so hold here.

Because the evidence was legally insufficient to support the jury's finding of direct negligence against Lynn Smith, the trial court did not err by granting JNOV on that ground. We therefore overrule Edwards's second issue.

Likewise, because there was no evidence to support a direct negligence finding against Lynn Smith, the trial court did not abuse its discretion by denying Edwards's motion for leave to amend her pleadings to add a direct negligence cause of action. *See Geis v. Colina del Rio, L.P.*, 362 S.W.3d 100, 115 (Tex. App.—San Antonio 2011, pet. denied) (explaining that a trial amendment is mandatory if it is merely procedural in nature, such as when conforming the pleadings to the evidence presented at trial). We overrule Edwards's first issue.

## Conclusion

Having overruled both of Edwards's issues, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: April 2, 2020